UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRIAN ANDRE RILEY** | **CIV. ACTION NO. 3:21-00750** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER, U.S. SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees [doc. # 23] filed by Plaintiff Brian Riley pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. The Commissioner does not contest the fee request in principle but opposes the motion insofar as it (1) requests fees that are computed at a rate greater than $175 per hour and for more than 40 hours of work, and (2) seeks to have the fees made payable to counsel. (Gov.'t Response [doc. # 27]). As further explained below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART and that the Commissioner be ordered to pay attorney's fees in the amount of $8,220.00 (41.1 hours at $200.00 per hour), plus costs of $22.50.

**Analysis**

The EAJA states that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the

EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The Commissioner does not contest that Plaintiff is entitled to recover fees, and therefore does not contest that Plaintiff is the prevailing party.

**I.      Reasonable Fees**

The EAJA provides, in relevant part, that the amount of fees awarded:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). "Section 2412(d) serves a dual purpose: to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988). In the end, "[a]n award of attorney's fees under the EAJA must be reasonable." *Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *2 (5th Cir. Sept. 19, 2005) (unpubl.).

When assessing statutorily authorized attorneys' fees, the court first must calculate a "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008) (citation omitted).[2] The lodestar amount is presumptively reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citation omitted). However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the circumstances

---

[1]  On September 13, 2022, the District Court entered judgment reversing and remanding this case to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 22]).

[2]  The Fifth Circuit has adopted the "lodestar" method for determining the reasonableness of fees under the EAJA. *Sanders, supra*.

of the case, and the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *McClain, supra*; *Black, supra*.[3]

In this case, Plaintiff seeks an attorney's fee award of $8,525.00, which he computes, as follows: 32.9 hours x $175.00 per hour for work performed in 2021, plus 12.3 hours x $225.00 per hour for work performed in 2022. The Commissioner argues that, for work performed in 2022, the court should continue to employ the $175 hourly rate that this court has utilized since 2014. *See Montgomery v. Colvin*, Civ. Action No. 14-3120, 2016 WL 4705730 (W.D. La. Aug. 16, 2016), *R&R adopted,* 2016 WL 4705573 (W.D. La. Sept. 8, 2016).

In *Carr v. Kijakazi*, this court recently considered prevailing market conditions, including the increase in the cost of living, as measured against the healthy community of regional and national social security practitioners willing to accept cases in this area, before adopting an hourly rate of $200.00 per hour for pending and future EAJA petitions for services performed in 2021, 2022, and going forward. *See Carr v. Kijakazi*, Civ. Action No. 21-4454 (W.D. La.) (R&R and Judgment [doc. #s 21-22]). Accordingly, the court will apply a $200.00 per hour rate for all work performed in this case.

As the fee applicant, plaintiff bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S.Ct. 1933, 1939 (1983)). Furthermore, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*. "Purely clerical tasks may not be properly billed at an attorney rate." *Culmer v. Berryhill*, Civ.

---

[3] The district court need not expressly discuss all of the *Johnson* factors so long as it arrives at a just compensation based upon appropriate standards. *Sanders, supra* (citation omitted).

Action No. 18-1266, 2019 WL 2526720, at *1 (S.D. Tex. May 30, 2019), *R&R adopted,* 2019 WL 2524235 (S.D. Tex. June 19, 2019) (citations omitted). "Examples of clerical tasks include calendaring, printing, filing, obtaining information about court procedures, and delivering pleadings." *Martinez v. Refinery Terminal Fire Co.*, Civ. Action No. 11-0295, 2016 WL 4594945, at *6 (S.D. Tex. Sept. 2, 2016) (citations omitted).

Plaintiff's attorneys seek a fee award premised upon a total of 45.2 hours of work. In Social Security cases, fee applications typically range from 20 to 40 hours. *Noris Giles R. v. Kijakazi*, Civ. Action No. 20-1220, 2021 WL 5826780, at *2 (S.D. Tex. Dec. 8, 2021) (citation omitted). In this case, the Commissioner notes that Plaintiff's attorneys' time logs include time spent on clerical duties such as sending their client copies of documents. The Commissioner further argues that, in light of Plaintiff's counsel's nearly 75 years of combined experience, they should be more efficient by now in handling Social Security appeals. The Commissioner adds that the issues in this case are common to Social Security appeals and should not entail complex research for attorneys with Plaintiff's counsel's expertise. Consequently, the Commissioner urges the asks the court to reduce the requested number of hours to no more than 40.

Plaintiff did not file a reply brief in support of his fee petition and, thus, did not address the Commissioner's argument(s). Upon review, the court will reduce Mr. Rankin's claimed hours by a total of 2.1 hours for the entries dated September 11 and 21, October 7, and November 16, 2021, plus April 19 and July 7, 2022. *See* doc. #s 23-1 and 23-2. Plaintiff has not demonstrated why the Commissioner should have to reimburse him for seeking an extension of time or for client liaison sessions that do not materially advance the case.

In addition, the court will reduce Ms. Bohr's claimed 37.5 hours by 2.0. *See* doc. # 23-3. To be sure, the administrative record in this case was lengthy. However, the issues raised were

4

not completely novel or unique. For example, this court cited *Halterman v. Astrue*[4] in holding that before determining whether DAA (drug addiction and alcoholism) is a contributing factor material to the determination of disability, the Commissioner first must find that the claimant is disabled. *See* R&R [doc. # 21]. Of course, Mr. Rankin and Ms. Bohr represented Ms. Halterman. Furthermore, issues surrounding DAA were recently briefed by Mr. Rankin and Ms. Bohr in *Cripps v. Saul*, Civ. Action No. 19-1501, and, thus, should not have required excessive research. Finally, 4.7 hours to research and draft the reply brief and then 3.3 more hours to edit and finalize the brief is excessive.

In sum, the court will reduce Plaintiff's requested 45.2 hours of work by 4.1 hours. Multiplying 41.1 hours of work reasonably expended on this case by $200.00 per hour produces a lodestar of $8,220.00.

The court now must consider the remaining *Johnson* factors to determine if the lodestar amount should be adjusted. In so doing, the court may not double count any *Johnson* factor that was considered in calculating the lodestar amount. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). Seven of the *Johnson* factors are presumably fully reflected in the lodestar amount: (i) the time and labor required; (ii) the novelty and difficulty of the questions; (iii) the preclusion of other employment; (iv) special time limits imposed; (v) the results obtained; (vi) the experience, reputation, and ability of counsel; and (vii) the quality of representation. *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565 (1986); *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771-72 (5th Cir. 1996); *Shipes*, 987 F.2d at 321-22. Furthermore, the record in this case does not support an adjustment of the lodestar amount based on the remaining *Johnson* factors. For example, there is no evidence that the case was

---

[4] *Halterman v. Astrue*, Civ. Action No. 08-0004, 2009 WL 463889, at *6–7 (W.D. La. Jan. 30, 2009).

particularly undesirable. Nor does the nature of the professional relationship between Plaintiff and counsel indicate that an adjustment should be made. Finally, the parties do not urge any adjustment.

## II. Expenses and Costs

Taxation of costs under 28 U.S.C. § 1920 is authorized under the EAJA, 28 U.S.C. § 2412(a). Costs include the filing fee and fees for printing and copies. 28 U.S.C. § 1920(a)(1). Litigation expenses also are compensable under the EAJA provided they are reasonable and necessary. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988).

Here, Plaintiff seeks to recover $22.50 in copying costs. The Commissioner did not interpose an objection, and the court finds that the requested cost is reasonable and necessary.

## III. Check Payable to Plaintiff

Plaintiff's counsel contends that because Plaintiff assigned his right to attorney's fees to counsel, any payment of fees should be made directly to counsel – provided Plaintiff does not owe a federal debt. However, this court consistently has rejected this argument. *See McLeland v. Astrue*, Civ. Action. No. 09-0219, 2010 WL 3704915, at *2 (W.D. La. Sept. 13, 2010). The undersigned discerns no materially cognizable basis to depart from this settled practice.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the Petition for Attorney Fees [doc. # 23] be GRANTED IN PART and DENIED IN PART, and that the Commissioner be ordered to remit to Plaintiff's counsel a check made payable to Plaintiff Brian Riley for attorney's fees in the amount of $8,220.00 (41.1 hours at $200.00 per hour), plus costs of $22.50.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 3rd day of May, 2023.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE